## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-236-GKF |
| | ) | |
| BRETT ALAN MULL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Defendant's Unopposed Motion for Continuance (Dkt. 21), which Defendant supplemented orally at the December 10, 2018 hearing on the motion. Defendant requests a continuance of: (i) all pretrial deadlines, (ii) the pretrial conference set for December 10, 2018, and (iii) the jury trial set for December 17, 2018, as set forth in the Court's initial Scheduling Order filed on November 15, 2018 (Dkt. 20).

Defendant, in his written motion, asked for a 30 day extension of the trial and pretrial dates. At the hearing, Defendant requested a 60 day extension of those dates based on: (i) counsel's inability, up to that point, to devote sufficient time to analyze and review discovery, research issues, and formulate potential pretrial motions; (ii) the approaching Christmas holiday; (iii) counsel's trial schedule; (iv) the parties' expectation that the parties' current discussions to potentially resolve the case without a trial will continue. The Government does not oppose Defendant's request for a 60 day continuance.

On November 8, 2018, a two count Indictment was filed against Defendant. (Dkt. 15).  Count One alleges a violation of 18 U.S.C. § 1512(c)(1) for corruptly altering a record, document and evidence for use in an official proceeding.  Count Two alleges Defendant used his position as a law enforcement officer to obtain methamphetamine through deception in violation of 21 U.S.C. § 843(a)(3). Defendant appeared on the Indictment on November 27, 2018.

Defendant filed a Speedy Trial Waiver on November 21, 2018 (Dkt. 23).  In open court at the December 10th hearing, Defendant affirmed that his Speedy Trial Waiver applied to his requested 60 day trial date extension.

Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq.  The Act requires a defendant to be brought to trial within seventy days of his initial appearance in the charging district.  Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act.  This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. at

§ 3161(h)(7)(B)(iv).    The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool."   *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result in the need for additional time." Id. at 1271.   This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73.   A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

In this case, Defendant's counsel has asserted that, up to this point, counsel has had insufficient time, due to the press of his other cases and his trial schedule, to analyze and review discovery, fully research issues and formulate potential pretrial motions.   Defendant's counsel had advised the Court that, based on counsel's initial review of the discovery and applicable law, Defendant appears to have potentially strong motions that may substantially advance the defense.   Counsel also represented, with no objection by the Government, that the parties have been engaged in discussions to potentially resolve the case without a trial and that those discussions will continue.

While this case is not necessarily complex, the severity of the charges, and the need to afford defense counsel adequate time to investigate potential defenses, coupled with the ongoing negotiations, make it necessary for the parties to have additional time to resolve this case.   Failure to grant the requested continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.   18 U.S.C. § 3161(h)(7)(B)(iv).   Furthermore, trial schedule of counsel for the defendant requires that the motions deadline be set following the expected conclusion of a January trial.   For these reasons, the Court finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Continue (Dkt. 21) is granted.   The jury trial set for December 17, 2018 is stricken. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | **January 16, 2019** |
| Responses to Motions due: | **January 30, 2019** |
| PT/CP/Motions Hearing due: | **February 7, 2019 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | **February 12, 2019** |
| Jury Trial: | **February 19, 2019 at 9:30 a.m.** |

**IT IS FURTHER ORDERED** that the time from December 17, 2018, inclusive, to February 19, 2019, inclusive, shall be excluded pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 12th day of December, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE