IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 18-CR-236-GKF |
| BRETT ALAN MULL, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Unopposed Motion for Continuance (Dkt. 28). Defendant requests a continuance of: (i) the hearing currently set for February 7, 2019; and (iii) the jury trial set for February 19, 2019, as set forth in the Court's Minute Sheet, filed December 10, 2018 (Dkt. 26) and Order, filed December 12, 2018 (Dkt. 27).

Defendant, in his written motion, asked for a (i) continuance of the change of plea hearing until sometime after March 15, 2019; and (ii) continuance of the jury trial for at least 45 days after February 19, 2019. The Government does not oppose Defendant's request for a continuance. Defendant's request is based on (i) Defendant being currently enrolled in a 60-day residential treatment center, from which he will be discharged on March 15, 2019; and (ii) ongoing plea discussions with the Government.

Defendant filed a Speedy Trial Waiver on February 4, 2019 (Dkt. 29). Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* The Act requires a defendant to be brought to trial within 70 days of his

initial appearance in the charging district. Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the

2

public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances presented in Defendant's motion (Dkt. 28). Defense counsel's request for additional time to prepare is reasonable, and Defendant has executed a speedy trial waiver asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of the Defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Continue (Dkt. 28) is granted. The jury trial set for February 19, 2019 is stricken. The following amended schedule is hereby entered:

| | |
|---|---|
| PT/CP/Motions Hearing: | **4/3/2019 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | **4/8/2019** |
| Jury Trial: | **4/15/2019 at 9:30 a.m.** |

**IT IS FURTHER ORDERED** that the time from February 19, 2019, inclusive, to April 15 2019, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 4th day of February, 2019.

GREGORY K. FRIZZELL, CHIEF JUDGE